IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ROBERT MOE,                          )
                                     )
        Plaintiff,                   )  Case No. CV05-6302-HU
                                     )
    vs.                              )  FINDINGS AND
                                     )  RECOMMENDATION
JO ANNE B. BARNHART,                 )
Commissioner of Social Security,     )
                                     )
        Defendant.                   )
_____)
```

Kathryn Tassinari
Drew L. Johnson
1700 Valley River Drive
Eugene, Oregon 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

1   - FINDINGS AND RECOMMENDATION

Portland, Oregon 97204

Richard M. Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant


HUBEL, Magistrate Judge:

    This is an action seeking judicial review of the denial of a claim for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The Commissioner moves to dismiss the action on the ground that because plaintiff has failed to exhaust his administrative appeal remedies, he has not received a "final decision" from the Commissioner, and is therefore precluded from obtaining judicial review under 42 U.S.C. § 406(g).

    According to the declaration of Rose Ray of the Social Security Administration's Office of Hearings and Appeals, proffered by the Commissioner, plaintiff filed an application for disability benefits on August 21, 2002, alleging disability commencing on January 1, 1999. His application was denied initially and upon reconsideration. The Notice of Reconsideration was issued on February 24, 2003, and stated that plaintiff was not disabled on or before September 30, 2002, the last day on which he met the earnings requirements for entitlement to a

///

period of disability and disability insurance benefits. Plaintiff took no further appeal from this decision.

On October 21, 2004, plaintiff protectively filed another application for a period of disability and disability insurance benefits. This application was also denied initially, and again upon reconsideration on January 30, 2005. Plaintiff filed a request for hearing on that determination on February 15, 2005. On May 13, 2005, an ALJ issued an order dismissing plaintiff's request for a hearing. The basis for the dismissal was that <u>res judicata</u> applied to the determination in February 2003 that plaintiff was not disabled at any time through September 30, 2002, his date last insured.

Plaintiff requested review of the dismissal. On August 15, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's dismissal order. On October 4, 2005, plaintiff filed his complaint in this court.

The Commissioner asserts that because plaintiff did not appeal the denial on February 24, 2003, the determination that he was not disabled as of his date last insured became final and binding, and must necessarily apply to the current action because the same time period is at issue. See <u>Chavez v. Bowen</u>, 844 F.2d 691, 693 (9th Cir. 1988).

Plaintiff challenges the ALJ's entry of an order of dismissal without first holding a hearing to address the question

3   - FINDINGS AND RECOMMENDATION

of whether plaintiff had good cause for failing to appeal the agency decision on his first claim for benefits. He asserts that he was mentally incapacitated at the time the Commissioner denied his claim for the first time, and was unrepresented by counsel at all relevant times.

Plaintiff has proffered records from the Veterans Administration showing that he is currently receiving benefits for 100% disability resulting from Post Traumatic Stress Disorder, combat-related, chronic, moderate to severe; Dysthymia; Generalized Anxiety Disorder; and dissociative episodes, thought to be comorbid with the PTSD. Plaintiff's Exhibit A, p. 5. He was given a psychiatric evaluation on February 8, 2001, by Oscar Leyva-Yapur, M.D., who noted that plaintiff's thinking "demonstrated circumstantiality, thought blocking, and intrusive thoughts," and his cognition showed marked impairment in short-term memory and concentration. Id. at 4.

Plaintiff has also proffered VA records from 1995 showing that he was on active duty from August 17, 1966 to September 12, 1968, serving in Vietnam for 13 months. Id. at 7-8. He experienced actual combat in Vietnam, including fire support attack, sniper shots, incoming mortar and artillery attacks, heavy fighting with the NVA, and being overrun "two or three times." Id. at 8. After being pulled out of Vietnam, he served as an MP for approximately six months until his discharge. Id.

Plaintiff contends that the court has jurisdiction to review the Commissioner's decision not to reopen a final benefits decision if the claimant presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination," citing Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). A claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." Id.

Plaintiff also cites Social Security Ruling 91-5p, which provides that if a claimant presents evidence that mental incapacity prevented him from requesting timely review of an administrative action, and the claimant had no one legally responsible for prosecuting the claim on his behalf at the time of the prior adverse action, Social Security Administration "will determine whether or not good cause exists for extending the time to request review." Among the factors to be considered in deciding whether a claimant lacked the mental capacity to request a hearing are "any mental or physical condition which limits the claimant's ability to do things for him/herself." Id. In all cases, the adjudicator is to resolve any reasonable doubt in favor of the claimant. Udd v. Massanari, 245 F.3d 1096, 1101 (9th Cir. 2001), citing SSR 91-5p.

///

5   - FINDINGS AND RECOMMENDATION

Plaintiff requests that the court remand this case for a determination of whether he is entitled to Social Security benefits, not for a determination of whether good cause exists for extending the time to request review. The evidence plaintiff has proffered shows that he was suffering from PTSD as of February 2001, but gives the court no guidance in resolving the question of why plaintiff was capable, while unrepresented, of filing an initial application for benefits in August 2002 and a subsequent request for reconsideration, but not capable of pursuing an appeal from the denial on reconsideration in February 2003. However, the Commissioner has filed no response to plaintiff's Memorandum in Opposition to the Motion to Dismiss.

I recommend that the Commissioner's motion to dismiss (doc. # 4) be denied, and that this case be remanded to the Commissioner for a determination of whether good cause exists for extending the time to request review, because mental incapacity prevented plaintiff from requesting timely review of the Commissioner's denial of benefits.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 9, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is

due March 23, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 23rd day of <u>February</u>, 2006.

<u>/s/ Dennis James Hubel</u>
Dennis James Hubel
United States Magistrate Judge