IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT MOE, | ) |
| | ) |
|        Plaintiff, | ) Case No. CV05-6302-HU |
| | ) |
|   vs. | ) FINDINGS AND |
| | ) RECOMMENDATION |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |
| | ) |

Kathryn Tassinari
Drew L. Johnson
1700 Valley River Drive
Eugene, Oregon 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

1   - FINDINGS AND RECOMMENDATION

Portland, Oregon 97204
Richard M. Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
     Attorneys for defendant

HUBEL, Magistrate Judge:

The matter before the court is plaintiff Robert Moe's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq. (EAJA) Mr. Moe seeks an award of $4,917.18 in fees, for 31.25 hours of work at an hourly rate of $157.35.

**Procedural History**

Robert Moe filed this action seeking judicial review of the denial of his claim for benefits under Title II of the Social Security Act. The Commissioner moved to dismiss the action on the ground that because Mr. Moe had failed to exhaust his administrative appeal remedies, he had not received a "final decision" from the Commissioner.

On February 23, 2006, I filed Findings and a Recommendation (F & R) that the Commissioner's motion to dismiss be denied, and the case remanded to the Commissioner for a determination of whether good cause existed for extending the time for Mr. Moe to request review, because Mr. Moe had raised a colorable due process claim that mental incapacity and lack of representation

2    - FINDINGS AND RECOMMENDATION

had prevented him from requesting review in a timely manner. (Doc. # 9). The Commissioner filed objections to the F & R, which were referred to Judge King. (Doc. # 12). On April 14, 2006, Judge King adopted the F & R and ordered that the case be remanded to the Commissioner. (Doc. # 13).

On July 12, 2006, Mr. Moe filed an application for fees pursuant to the EAJA. The Commissioner opposes the application on the ground that the Commissioner's position was substantially justified. The Commissioner does not challenge Mr. Moe's status as a prevailing party and does not challenge the amount of fees requested.

### Standards

Under EAJA, 28 U.S.C. § 2412(d)(1)(A), the court shall, in a civil proceeding brought by or against the United States, award fees and other expenses to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." This statutory language creates a presumption that fees will be awarded unless the government's position was substantially justified. Thomas v. Peterson, 841 F.2d 332, 335 (9th Cir. 1988). The United States bears the burden of proving its position was substantially justified. Timms v. United States, 742 F.2d 489, 492 (9th Cir. 1984).

3  - FINDINGS AND RECOMMENDATION

To determine whether the government's position was substantially justified for purposes of the EAJA, the court must apply a reasonableness standard. <u>Flores v. Shalala</u>, 49 F.3d 562, 570 (9th Cir. 1995). The standard is met if the Commissioner establishes that her position had a "reasonable basis both in law and fact." <u>Kali v. Bowen</u>, 854 F.2d 329, 332 (9th Cir. 1988).

### Discussion

The Commissioner asserts that the Social Security Act is quite clear that only a final decision of the Commissioner can be appealed to the district court, so that the Commissioner was substantially justified in bringing her motion to dismiss. She notes that in the F & R, I found there was evidence indicating that Mr. Moe was mentally incapacitated, but also evidence that he was capable, despite being unrepresented, of filing a subsequent application for benefits and a request for reconsideration. For this reason, I concluded that a remand for further administrative proceedings, rather than a remand for an award of benefits, was required.

Mr. Moe points out that the basis for the court's decision to remand for further proceedings was that he had presented a colorable constitutional claim of a due process violation implicating his right to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. See <u>Evans v. Chater</u>, 110 F.3d 1480, 1483 (9th Cir. 1997). He argues

4   - FINDINGS AND RECOMMENDATION

that the law is clear that a colorable constitutional claim is stated if a plaintiff shows that he did not have counsel or other representation and his disability prevented him from understanding and pursuing administrative remedies. Id.; Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001)(plaintiff must show a "mental or physical condition which limits the claimant's ability to do things for him/herself.")

I conclude that the Commissioner has not met her burden of proving that her position was substantially justified. The Commissioner was aware of the fact that Mr. Moe was unrepresented by counsel at all times, and that his alleged disability was based on mental illness. Social Security Ruling 91-5p, quoted by me in the F & R and by the court in Udd, 245 F.3d at 1101, clearly provides that if a claimant presents evidence that mental incapacity prevented him from requesting timely review of an administrative action, and the claimant had no one legally responsible for prosecuting the claim on his behalf at the time of the prior adverse action, the Commissioner "will determine whether or not good cause exists for extending the time to request review." The Commissioner failed to make such a determination, and it was necessary for the court to remand this case in order to require her to do so.

I recommend that Mr. Moe's application for fees under the EAJA (doc. # 15) be GRANTED, and that he be awarded the sum of

5   -  FINDINGS AND RECOMMENDATION

$4,917.18.

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 4, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due October 18, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 19th day of September, 2006.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

6  - FINDINGS AND RECOMMENDATION