IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT MOE,                          ) | |
|        Plaintiff,         ) | Case No. CV05-6302-HU |
|    vs.                               ) | FINDINGS AND RECOMMENDATION |
| JO ANNE B. BARNHART,                  ) | |
| Commissioner of Social Security,      ) | |
|        Defendant.        ) | |

Kathryn Tassinari
Drew L. Johnson
1700 Valley River Drive
Eugene, Oregon 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

1    - FINDINGS AND RECOMMENDATION

Portland, Oregon 97204
Richard M. Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
     Attorneys for defendant

HUBEL, Magistrate Judge:

Counsel for claimant Robert Moe moves the court for approval of attorney's fees in the amount of $20,987.05, pursuant to 42 U.S.C. § 406(b). Mr. Moe has received an attorney's fee award of $4,917.18 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), in the amount of $4,917.18, as compensation for 31.25 hours of work (23.5 hours on the merits of the claim and 7.75 hours on the EAJA petition) at an hourly rate of $157.35. Claimant's counsel states in the motion that if the current request for fees is granted, the EAJA award will be refunded to the claimant.

## Procedural History

Claimant Robert Moe filed this action seeking judicial review of the denial of his claim for benefits under Title II of the Social Security Act. The Commissioner moved to dismiss the action on the ground that because Mr. Moe had failed to exhaust his administrative appeal remedies, he had not received a "final decision" from the Commissioner.

///

2   - FINDINGS AND RECOMMENDATION

On February 23, 2006, I filed Findings and a Recommendation (F & R) that the Commissioner's motion to dismiss be denied, and the case remanded to the Commissioner for a determination of whether good cause existed for extending the time for Mr. Moe to request review, because Mr. Moe had raised a colorable due process claim that mental incapacity and lack of representation had prevented him from requesting review in a timely manner. (Doc. # 9). The Commissioner filed objections to the F & R, which were referred to Judge King. (Doc. # 12). On April 14, 2006, Judge King adopted the F & R and ordered that the case be remanded to the Commissioner. (Doc. # 13).

## Standard

Section 406(b)(1)(A) of the Social Security Act provides:

> Whenever a court renders a favorable judgment to a claimant ... who was represented before the court by an attorney, the court may ... allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled ....

An award of fees under both the EAJA and § 406(b)(1)(A) does not amount to double recovery for the attorney. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The award under § 406(b) "merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." Id. The dual fee awards are

3   - FINDINGS AND RECOMMENDATION

proper as long as the attorney gives the smaller of the two awards to the client as compensation for litigation costs. Id.

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court held that Congress designed § 406(b) to control, not to displace, contingent-fee agreements between Social Security benefits claimants and their counsel. 535 U.S. at 807. However, the Court also held that § 406(b) requires "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. Thus, within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. Courts that approach fee determinations by looking first to the contingent fee agreement, then testing it for reasonableness, may appropriately reduce the attorney's recovery based on the character of the representation and the results the representative achieved. Id. at 808. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. Id.

### Discussion

In this case, Mr. Moe's past-due benefits were $83,948.20, for the period August 2001 through August 2006. Memorandum in Support of Plaintiff's Motion, Exhibit A, p. 3. The record establishes that Mr. Moe's attorney spent 23.5 hours litigating the merits of his claim. Accordingly, the amount sought by

4   - FINDINGS AND RECOMMENDATION

counsel--$20,987.05, or 25% of the past-due benefits--represents an hourly fee of $893.07 per hour.

As Mr. Moe's counsel points out, the Oregon State Bar's 2002 Economic Survey established that the average billing rate for attorneys in Portland, Oregon was $197.00 per hour. A fee representing almost $900 an hour is more than four times the average billing rate for this locality.

Litigation of Mr. Moe's claim in this court was relatively simple: the only issue before the court was whether Mr. Moe presented a colorable constitutional claim of violation of due process when challenging the Commissioner's entry of an order of dismissal without first determining whether Mr. Moe had good cause for failing to appeal the agency decision on his claim. After this court remanded to the Commissioner for a determination of whether good cause existed for extending the time to request review, the Commissioner awarded Mr. Moe benefits.

In view of the simplicity of the case and the windfall represented by an hourly fee of almost $900 an hour, I conclude that counsel's request for 25% of the past-due award is unreasonable in light of the services rendered. I recommend that counsel be awarded fees in the amount of $10,575, which represents an hourly contingent fee of $450.

### Scheduling Order

The above Findings and Recommendation will be referred to

5   - FINDINGS AND RECOMMENDATION

a United States District Judge for review. Objections, if any, are due May 28, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due June 11, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 11th  day of May, 2007.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

6   -   FINDINGS AND RECOMMENDATION